# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA SHENK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:13-cv-233-DBH |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge wrongly rejected the opinion of a treating source physician. For the reasons that follow, I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through March 31, 2010, Finding 1, Record at 14; that she suffered from pulmonic stenosis with shortness of breath as a residual of congenital aortic stenosis and a Ross procedure, an impairment that did not meet or medically equal the criteria of

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 14-19; that she retained the residual functional capacity ("RFC") to perform light work except for work that requires the ability to climb ladders, ropes, or scaffolds, climb stairs or ramps, balance, stoop, kneel, crouch, or crawl more than occasionally, and she must avoid concentrated exposure to respiratory irritants and unprotected heights, Finding 5, *id*. at 20; that she was unable to perform any past relevant work, Finding 6, *id*. at 27; that, given her age (33 on the alleged date of onset of disability, June 15, 2004), limited education, work experience, and RFC, and using the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs that existed in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 27; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, from January 5, 2010, through the date of the decision, May 7, 2012, Finding 11, *id*. at 28. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work

other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge rejected the opinion of Dr. Alan Jansujwicz, her treating cardiologist, "for inadequate reasons." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 19) at 5. Specifically, she asserts that Dr. Jansujwicz's opinion that she cannot work has been consistent over time. *Id*. at 5-6. She also argues that "the only evidence that contradicts Dr. Jansujwicz'[s] opinion is the RFC assessments by the state agency non-examining physicians," which should not be credited. *Id*. at 7.

The administrative law judge presented the following lengthy exegesis regarding Dr. Jansujwicz:

> Alan Jansujwicz, M.D., the claimant's treating cardiologist, stated on November 17, 2010 that lab work that date was benign and essentially normal. His examination of the claimant that date also revealed no significant abnormalities. Based on the above EKGs and catheterization results, as well as the lab work and examination results, he stated that the claimant had diastolic dysfunction of an unspecified degree, probable small vessel coronary artery disease, and mild pulmonic homograft stenosis but a normally functioning new aortic valve. He also stated that her alleged shortness of breath was out of proportion to her "burden of heart disease" (Exhibit 13F). Dr. Jansujwicz recommended that pulmonary testing be performed and that the claimant stop smoking.
>
> On March 6, 2011 Dr. Jansujwicz examined the claimant again. He noted that an EKG that date was normal. Lab work was relatively normal as well. Examination revealed no abnormalities. Dr. Jansujwicz decided not to use one medication because the claimant's blood pressure was normally on the low side. As discussed earlier, he characterized pulmonary hypertension as mild and did not indicate that it caused any significant symptoms or functional limitations. Thus, the claimant's testimony that hypertension caused speech and other problems is not

3

> corroborated by the treating cardiologist (Exhibit 28F). The record contains no later treatment notes from any practitioner.
>
> The reports of the claimant's cardiologists and others support a finding that the claimant had no significant cardiovascular problems after undergoing the Ross procedure in 1998 until some[]time in 2010. Significant abnormalities were not apparent until catheterization was performed in July 2010. However, even with the apparent decline in her cardiovascular health evidenced only by catheterization in July 2010, the treating cardiologist opined that she had no more than mild to moderate abnormalities. Dr. Jansujwicz found in November 2010 that her alleged breathing difficulties w[ere] beyond what would be expected by her cardiovascular impairments. He indicated that much of her alleged breathing difficulty was due to sleep apnea, which was never established in the record; deconditioning, which is not an impairment; and/or pulmonary causes.

Record at 23.

The administrative law judge later addressed specific symptoms noted by Dr. Jansujwicz:

> Although the claimant alleged experiencing vision difficulties, palpitations, chest pain, leg cramps during exertion, fainting spells, ankle swelling, muscle weakness, memory loss, numbness, balance problems, tingling sensations, unsteadiness, weakness, speech problems and depression, Dr. Jansujwicz noted no evidence of such problems. Except to note that she alleged having the symptoms, he did not further address them, indicating that he did not believe them to be caused by cardiovascular disorders or to be of any significance. His concerns appear to be limited to the claimant's alleged shortness of breath and whether it was related to a cardiovascular disorder. He did not attribute the alleged symptoms to a cardiovascular disorder or to any other disorder ([E]xhibits 10F-13F and 28F).

*Id*. at 24-25.

Finally, the administrative law judge discussed Dr. Jansujwicz's opinion as follows:

> As for opinion evidence, Dr. Jansujwicz stated on January 12, 2011 that the claimant was not capable of working due to chest pain and shortness of breath with minimal activities. He did not attribute the symptoms to cardiovascular disease although he mentioned that she had mild to

4

> moderate abnormalities in that regard. He expressed a similar opinion in treatment notes on March 12, 2012. However, he also noted that the claimant's chest pain and shortness of breath, although at class III level, were multifactorial and only partly caused by her heart condition. His treatment notes contain no observations that he had observed any objective signs of impairment, physical or psychological. He stated that she was in no acute distress. Thus, it may reasonably be inferred that his classification at class III level was based on the claimant's allegations only (Exhibit 28F).
>
> Moreover, Dr. Jansujwicz had noted in November 2010 that the claimant's alleged symptoms were out of proportion to the burden of her heart disease and recommended that other causes be investigated. Thus, his above opinions are not supported by his objective findings. Rather, his opinion was that the cause of the claimant's alleged symptoms was due to other factors of which he recommended investigation by other medical practitioners. He essentially acknowledged that he was not speaking authoritatively regarding her symptoms and limitations. Thus, his opinion is not entitled to the weight that would be due a specialist.
>
> * * *
>
> Finally, Dr. Jansujwicz did not provide an opinion regarding the claimant's functional capacity other [than] to say that she could not work. He did not state what activity she was able to perform. There is no indication in the record that Dr. Jansujwicz is a vocational expert. Thus, his opinion regarding her ability to work is not an expert opinion. Based on the foregoing the undersigned gives little weight to the above opinions expressed by Dr. Jansujwicz.

*Id*. at 26.

The plaintiff's itemized statement ignores the fact that the only opinion apparently proffered by Dr. Jansujwicz, and the only one on which she relies, addresses an issue that is reserved to the commissioner, her ability to work, with respect to which even the opinion of a treating source is entitled to no special significance. *Tompkins v. Colvin*, No. 1:13-cv-73-GZS, 2014 WL 294474, at *4 (D. Me. Jan. 27, 2014); *see also* 20 C.F.R. §§ 404.1527(d)(2)-(3), 416.927(d)(2)-(3). Therefore, the plaintiff's contention that the administrative law judge's "failure to give greater weight to the treating opinion was not supported by substantial evidence" because the "regulations ordinarily require that examining sources (and especially treating sources . . .) be

accorded more evidentiary weight than that given to non-examining sources[,]" Itemized Statement at 7, is incorrect in this case.

The portions of the opinion quoted above give adequate explanations for the administrative law judge's reasons for giving little weight to Dr. Jansujwicz's opinion that the plaintiff cannot work. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The fact that Dr. Jansujwicz may have consistently expressed this opinion over time has no bearing on that evaluation.[2]

Dr. Jansujwicz's consistency over time does have some bearing on the plaintiff's next argument: that the reports of the state-agency reviewing physicians must be rejected because they "did not review the complete medical record, including additional diagnoses, examination, and opinion evidence from Dr. Jansujwicz[,]" Itemized Statement at 8, without identifying that evidence in the record. The administrative law judge noted that "[n]ew medical reports not available to that expert [who authored Exhibit 15F] are cumulative and reflect the presence of essentially the same facts as were documented in reports available to him." Record at 15. If the opinion of Dr. Jansujwicz upon which the plaintiff relies was the same in the records available to the state-agency reviewers as it was in the later-submitted records, then no difficulty arises from the fact that the state-agency reviewers did not see the later records.

The plaintiff contends that the later records showed that her condition was worsening and that she had small vessel coronary artery disease. Itemized Statement at 7. Assuming *arguendo*

---

[2] The plaintiff states that "if the ALJ was unclear concerning the bases for Dr. Jansujwicz's opinion, she was required to take reasonable efforts to recontact him to seek clarification or to otherwise develop and clarify the issue[,]" citing Social Security Ruling 96-8p. Itemized Statement at 8. She does not identify, and her attorney was unable at oral argument to identify, any indication in the record that the administrative law judge was "unclear" about Dr. Jansujwicz's rather straightforward opinion or the reasons he gave to support it. As the defendant points out, Opposition at 4-5, rejection of a treating physician's opinion does not trigger the duty to recontact the physician, but rather the inability of the adjudicator to ascertain the basis of that opinion. *See* Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2013) at 127; *Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *9 (D. Me. Sept. 27, 2012). At oral argument, the plaintiff's attorney stated that the defendant's brief "admits" that the administrative law judge was required to contact Dr. Jansujwicz because she did not understand his reports. The defendant's brief cannot reasonably be so read. Opposition at 4-5.

that these statements are correct, she does not suggest how either factor would require a different outcome on her claim, or even how it would have affected the state-agency reviewers' reports. In addition, she does not claim that the administrative law judge should have found that she suffered from small vessel coronary artery disease as a severe impairment,[3] so it appears that the fact that the state-agency reviewers did not have the benefit of this diagnoses is irrelevant.[4] Of the two pages of the record that the plaintiff cites in support of this argument, one (924) does not discuss a worsening of the plaintiff's condition, and the other (920) says only that a particular medication "helped things a little bit, but she seems to have worsened symptoms again." That is, the plaintiff had gone back to a previous symptom intensity, of which the state-agency reviewers would have been aware as it would have been recorded in Dr. Jansujwicz's earlier records. Neither of these pages can reasonably be read to undermine the conclusions of the state-agency reviewers.

The plaintiff's conclusory assertion that the administrative law judge's criticisms of Dr. Jansujwicz's opinion "represent no more than speculative lay interpretations of medical evidence which are beyond the ALJ's purview[,]" Itemized Statement at 9, is not sufficiently developed to require the court's attention.[5]

At oral argument, the plaintiff's attorney emphasized Dr. Jansujwicz's observation in 2012 that the plaintiff "continues to have really Class III symptoms of dyspnea and chest pain. My sense is these symptoms are . . . partly related to her heart." Record at 924. Plaintiff's counsel asserted

---

[3] The plaintiff's application for benefits mentions only congestive heart failure/aortic stenosis and depression. Record at 194.

[4] If the plaintiff means to contend that the small vessel coronary artery disease was merely a symptom of her pulmonic stenosis with shortness of breath as a residual of congenital aortic stenosis and a Ross procedure that increased her impairment, that is not apparent from her itemized statement and appears to the court to be a medical judgment that neither the administrative law judge nor this court is qualified to make.

[5] At oral argument, the plaintiff's attorney, citing case law, attacked the administrative law judge's reference to her continued smoking as evidence of the plaintiff's failure to comply with treatment and as undermining her credibility. Record at 25. No such challenge is mentioned in the plaintiff's itemized statement, and this alleged error will not, therefore, be considered by the court. *Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006).

that Class III symptoms are "very severe" and that the administrative law judge "just disregard[ed] the fact of [the presence of] Class III symptoms." As the plaintiff's itemized statement explains, Itemized Statement at 6 n.2, a classification of heart-related medical symptoms developed by the New York Heart Association is used by cardiologists to describe their patients' symptoms. Class III has been described as follows: "Patients have cardiac disease resulting in marked limitation of physical activity. They are comfortable at rest. Less than ordinary physical activity causes fatigue, palpitation, dyspnea, or angina pain." *Albery v. Colvin*, No. CV-13-00321-PHX-BSB, 2014 WL at 956135, *2 n. 4 (D. Ariz. Mar. 12, 2014) (citation and internal punctuation omitted).

The problem, however, for the plaintiff is that courts have routinely upheld RFCs at the light exertional level, as is the case here, Record at 20, for claimants with Class III cardiac symptoms. *E.g., Cole v. Astrue*, No. 06 Civ. 769(RJS)(GAY), 2013 WL 4398974, at *4-*5 (S.D.N.Y. Aug. 7, 2013); *Moore v. Astrue*, No. 5:12-CV-00755-RDP, 2013 WL 1661435, at *6, *9-*10 (N.D. Ala. Apr. 11, 2013). Therefore, on the showing made, the administrative law judge's alleged failure to recognize the severity of the plaintiff's symptoms, according to Dr. Jansujwicz, is, at most, harmless error.

The plaintiff's final argument, that the errors she finds in the administrative law judge's opinion render her Step 5 finding fatally flawed, *id*. at 9-10, cannot succeed, given my previously explained evaluation of those alleged errors.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for***

*which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge